UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC CHRISTOPHER BELL,

        Petitioner,

v.                                                                      Case No. 17-cv-803-pp

BRIAN FOSTER,

        Respondent.

---

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), DENYING WITHOUT PREJUDICE THE PETITIONER'S MOTION FOR A STAY AND ABEYANCE (DKT. NO. 3), AND ORDERING THE PETITIONER TO FILE AMENDED PETITION NO LATER THAN MAY 4, 2018.**

---

On June 6, 2017, Eric Christopher Bell, who is proceeding without a lawyer, filed a petition for a writ of *habeas corpus* under 28 U.S .C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. On June 8, 2017—two days after he filed the petition——the petitioner filed a "motion for extension of time (6 months) or stay and abeyance of 1 year limit of time under 28 U.S.C, 2254." Dkt. No. 3. This order screens the petition under Rule 4 of the Rules Governing §2254 Proceedings and requires the petitioner to file an amended petition. The court also denies without prejudice the petitioner's motion for a stay and abeyance.

**I.    Background**

The petition arises out of two 2011 cases against the petitioner in Milwaukee County Circuit Court—State v. Bell, 2011CF000810; and State v. Bell, 2011CR001332. Dkt. No. 1 at 2. In case number 2011CF810, the State of Wisconsin charged the petitioner with two counts of second-degree sexual

1

assault of a child. Dkt. No. 1-1 at 69. In case number 2011CF001332, the State charged the petitioner with eight counts of sex crimes, including: two counts of first degree sexual assault of a child, three counts of repeated sexual assault of the same child, two counts of incest with child and one count of second degree sexual assault of a child. Id. at 71.

It appears from the court's review of the documents that the petitioner attached to the petition that the State filed a motion asking the circuit court to join the two cases for trial, and that the trial court granted that motion. Id. at 59. The jury convicted the petitioner on all ten counts, id. at 60, and on April 27, 2012, the judge sentenced the petitioner to fifty-nine years of incarceration and forty-four years of extended supervision, dkt. no. 1 at 2. On direct appeal, the petitioner challenged whether the circuit court had properly joined the cases for trial. Dkt. No. 1-1 at 60. The Wisconsin Court of Appeals affirmed the circuit court on November 24, 2015, dkt. no. 1-1 at 55, and the Wisconsin Supreme Court denied his petition for review on March 7, 2016, dkt. no. 1-1 at 76. The petitioner filed in federal court on June 6, 2017, dkt. no. 1, then filed the "motion for extension of time (6 months) or stay and abeyance of 1 year limit of time under 28 usc 2254" two days later, dkt. no. 3.

## II. Screening the Petition

Before a petition under 28 U.S.C. §2254 may proceed in federal court, the court must review, or "screen," the petition. Rule 4 of the Rules Governing §2254 Proceedings states:

>  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

> court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time. . . .

A court must allow a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view of the merits of any of the petitioner's claims. The court reviews the petition and any exhibits to determine whether the petitioner has stated constitutional or federal law claims of a type that are generally cognizable on *habeas* review, exhausted in the state court system and not procedurally defaulted.

The court has reviewed the June 6, 2017 petition, but it cannot screen the petitioner's claims, because he did not state any. Instead, under the "Grounds for Relief" section of the petition, the petitioner wrote, "see pages 13, 24, and 25, 27, and 28 of brief of Plaintiff-Respondent Brad D. Schimel Attorney General of Wisconsin." Dkt. No. 1 at 6. The petitioner attached those pages to the petition. Id. at 8-12. It is not clear—because the petitioner did not attach successive pages—but the pages he *did* attach appear to lay out the State's arguments for why the State believed that the circuit court judge appropriately joined the two cases for trial. The plaintiff does not say that he disagrees with those arguments. If he does disagree, he does not say which of the arguments he disagrees with, or why. If he believes that joining the two cases for trial violated his constitutional rights, he does not say why or in what way. In addition, in the June 8, 2017 motion for extension of time or stay and abeyance, the petitioner mentions pursuing an ineffective assistance of counsel

3

claim, dkt. no. 3 at 2, but none of the pages he attached to the petition mention ineffective assistance of counsel. The petitioner does not make any allegations at all in the petition, leaving the court to guess at the grounds for his *habeas* petition.

The reason that the *habeas* form has spaces on it for the petitioner to provide grounds for relief is because the information in those spaces allows the court to screen the petitioner's claims, and allows the respondent to know how to respond to the petition. The petitioner does not have to write pages and pages. He does not have to cite legal cases. All he has to do is say something like: "Ground One: The trial judge should not have joined the two cases for trial, because the charges in the two cases were not related to each other," or "my trial lawyer was ineffective because he did not object to joining the two cases for trial."

Before the case can proceed, the petitioner must file an amended petition that complies with the Rule 2(c) of the Rules Governing §2254 Cases. Rule 2(c) requires that a petition:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. §2242.

The current petition satisfies the third requirement, by explaining that the petitioner wants this court to reverse and remand back to the Milwaukee County Circuit Court for a new trial. It satisfies the fourth requirement—it is legibly handwritten. And it satisfies the fifth requirement—the plaintiff signed it under penalty of perjury. But simply referring the court to pages of a brief that someone else filed in a different case does not meet the first and second requirements of the rule.

The court will order the petitioner to file an amended petition clearly describing his grounds for relief and the facts supporting those grounds. The court will require the petitioner to file that amended petition in time for the court to receive it by the end of the day on **May 4, 2018.** While the petitioner may attach the pages of the State's brief as an exhibit to the amended petition, he must write the specific grounds for why he should prevail in the amended petition. If the petitioner does not file an amended petition, clearly stating his grounds, in time for the court to receive it by the end of the day on May 4, 2018, the court will dismiss the case.

### III. Motion for Extension of Time or Stay and Abeyance (Dkt. No. 3)

In his motion for extension of time, or motion for stay and abeyance, the petitioner says that he has found "various numerous issues that must be first adjudicated to the Circuit Court" through a Wis. Stat. §974.06 post-conviction motion. Dkt. No. 3 at 1. He says that he needs to make those grounds known to the state court, and he asks the court to give him six months to do so, "due to the back log in the Milw. County Circuit Court . . . ." Id. at 2. He says that

5

review to this court would be pointless, and he asks the court either to extend the one-year statute of limitations deadline under the federal *habeas* statute, or stay the federal case so he can pursue his claims in state court. Id. at 3.

The petitioner first asks the court to extend the one-year deadline for filing a federal *habeas* petition. Section 2244(d)(1) of the federal *habeas* statute says that a petitioner must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The court is not in a position to determine whether the petitioner's June 6, 2017 petition was timely filed, but because he has filed a petition, he has preserved that filing date. Even if the court had the authority to extend the one-year limitations period, there is no need for the court to do so, because the petitioner already has a petition on file.

In the alternative, the petitioner asks the court to stay the federal proceedings while he pursues certain (presumably unexhausted) claims in state court. Under 28 U.S.C. §2254(b)(1)(A), this court cannot grant *habeas* relief until he first has exhausted his available state court remedies. Generally, courts consider a claim exhausted if a petitioner presents it through one "complete round of the State's established appellate review process." Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a petitioner presents a claim in federal court that has not been exhausted in state court, the federal court has several options—dismiss the federal case entirely; stay the federal case to let the petitioner go back to state court to exhaust his remedies; or allow the petitioner

to amend his petition to remove the unexhausted claims. 28 U.S.C. §2254(b)(1)(A); see also Rhines v. Weber, 544 U.S. 269, 278 (2005).

The court will not exercise the first option—it will not dismiss the petition at this time. As the court indicated, it is not able to determine whether the June 6, 2017 petition was timely filed. It does not want to dismiss the petition if doing so might cause any subsequent petition to be untimely.

The second option—a stay and abeyance—"should be available only in limited circumstances.'" Yeoman v. Pollard, 875 F.3d 832, 837 (7th Cir. 2017) (quoting Rhines, 544 U.S. at 277). "In particular, the court may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust his or her claims first in state court." Id. A federal court may not grant a stay and abeyance "when the unexhausted claims are plainly meritless, or when a petitioner has engaged in abusive litigation tactics or intentional delay." Id.

For the reasons the court explained above, the court cannot tell from the petition whether the petitioner's claims are plainly meritless, because he does not describe his claims. Until he tells the court what his claims are, the court cannot decide whether a stay is appropriate.

The third option—amending the petition to include only exhausted claims—is available to the defendant. Due to the court's caseload, it has taken the court a long time to review the plaintiff's petition. It may be that during that long time, the petitioner has exhausted his state remedies in state court. It also may be that the petitioner currently is pursuing his §976.04 motion in the

7

state court. It may be that the petitioner has decided not to pursue his unexhausted claims. The court does not know. But because the court is requiring the petitioner to amend the petition anyway, the petitioner can decide which claims to include in that amended petition. If the petitioner still has unexhausted claims that he cannot include in the amended petition, he may (after filing the amended petition) file another motion for a stay. He must, however, identify the unexhausted claims in the motion for abeyance, and he must explain why he did not exhaust those claims when the cases were in state court in the first instance.

### III. Conclusion

The court **ORDERS** that the petitioner shall file an amended petition that complies with this order in time for the court to receive it by the end of the day on **May 4, 2018**. If the court does not receive an amended petition by the end of the day on May 4, 2018, the court will dismiss the petition as meritless under Rule 4.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for an extension of time or for a stay and abeyance. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 22nd day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
